# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**RICHARD NORRIS**
**ADC #132421**                                                                                **PLAINTIFF**

**V.**                                       **No. 4:11CV00543 BRW-BD**

**MICHAEL RICHARDS,** *et al.*                                                  **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

**II.     Background:**

Plaintiff Richard Norris, an Arkansas Department of Correction inmate formerly housed at the Saline County Detention Facility ("Detention Facility"), filed this lawsuit pro se and is proceeding *in forma pauperis*. (Docket entries #1 and #2) In his complaint, he alleges that Defendants Richards and Harrelson were deliberately indifferent to his medical needs.

Defendants have now moved for summary judgment, arguing that Mr. Norris's claims fail as a matter of law. (#25) Mr. Norris has not responded to the motion, and the time to respond has passed. The Court recommends that the Defendants' motion for summary judgment (#25) be GRANTED, and that Mr. Norris's claims be DISMISSED, with prejudice.

**III.    Discussion:**

   A.    Standard

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). Here, the

Defendants bear the initial responsibility of demonstrating that there are no material facts in dispute. Once they meet that burden, Mr. Norris must come forward with specific facts showing that there is a genuine dispute that must be resolved at trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).

B.  Deliberate Indifference

Deliberate indifference to a prisoner's serious medical need amounts to an unnecessary and wanton infliction of pain that is proscribed by the Eighth Amendment. *McRaven v. Sanders*, 577 F.3d 974, 979 (8th Cir. 2009) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This indifference extends to prison guards who intentionally deny or delay a prisoner access to medical care or who intentionally interfere with treatment that has been prescribed. *Id*.

To show the prison officials failed to provide adequate medical treatment, the inmate plaintiff must show that he suffered from an objectively serious medical need; and that the defendants knew of that need, but deliberately disregarded it. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). A serious medical need is one that a doctor has diagnosed as requiring treatment, or a need so obvious that even a non-medical person would easily recognize the need for medical care. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). A prisoner alleging a delay in treatment must present verifying medical evidence that the prison officials "ignored an acute or escalating situation," or that their delay in providing medical care adversely affected the prisoner's prognosis. See

*Reece v. Groose*, 60 F.3d 487, 491 (8th Cir. 1995) (quoting *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995), abrogated on other grounds by *Johnson v. Jones*, 515 U.S. 304 (1995), as recognized in *Reece*, 60 F.3d at 492 (internal quotation marks omitted)).

In his complaint, Mr. Norris alleges that, while he was housed at the Detention Facility, he suffered from severe headaches and sharp pain in his right temple, but that he was never examined by a doctor. In addition, Mr. Norris claims that on June 2, 2011, Defendant Harrelson gave him an aspirin, which caused a rash and swelling in his lips. Mr. Norris alleges that both Defendants Harrelson and Richards knew that he was allergic to aspirin, but that Defendant Harrelson knowingly provided him the medication anyway.

In support of their motion for summary judgment, Defendants provide Mr. Norris's medical records from the Detention Facility. The medical records show that Mr. Norris was provided various medications while at the Detention Facility, but that he was never given aspirin. (#25-1 and #25-2) Mr. Norris might have had an allergic reaction in June of 2011, but aspirin apparently was not the cause.

Mr. Norris has not come forward with any evidence to show that either Defendant Harrelson or Richards knowingly provided him aspirin despite knowing of his medical history. Thus, there is no genuine dispute about aspirin being administered to Mr. Norris. Further, there is no evidence in the record tending to show that Mr. Norris suffered from any serious medical need that was adversely affected by the conduct of either Defendant Harrelson or Defendant Richards.

Based on the undisputed evidence presented, Defendants are entitled to judgment as a matter of law on Mr. Norris's deliberate indifference claims.

## IV.     Conclusion:

The Court recommends that the motion for summary judgment (#25) be GRANTED and that Mr. Norris's claims be DISMISSED, with prejudice.

DATED this 19th day of April, 2012.

_____
UNITED STATES MAGISTRATE JUDGE